IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Rayshawn Pearson, a/k/a/ Rayshawn Kalif Pearson | ) ) ) | Civil Action No. 9:14-3943-TMC |
| Petitioner, | ) ) | |
| vs. | ) ) | **ORDER** |
| Warden Joseph McFadden, Lieber Correctional Institution, | ) ) ) ) | |
| Respondent. | ) ) | |

Petitioner, Rayshawn Pearson ("Petitioner"), a state prisoner proceeding pro se and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 35) be granted. (ECF No. 53). The parties were advised of their right to file objections to the Report, due by September 21, 2015. (ECF No. 53 at 33). No timely objections were filed and on October 19, 2015, the court filed an order adopting the magistrate judge's Report. (ECF No. 58). However, on October 19, 2015, a motion for extension of time to file objections by Petitioner was received by the clerk's office and filed. (ECF No. 61). Petitioner alleged that the prison had been on lockdown and that he had been unable to properly prepare a response to the magistrate judge's Report. *Id.* His motion for extension was granted on October 27, 2015. (ECF No. 62). Petitioner timely submitted objections to the mailroom on November 10, 2015. (ECF No. 65). However, due to the improper docketing of Petitioner's objections as a response to Respondent's summary judgment motion (ECF No. 35), the court's order was not

1

vacated for proper consideration of Petitioner's objections until September 30, 2016. (ECF No. 69). In an order on September 30, 2016, the court stated that it would review Petitioner's timely filed objections (ECF No. 65) and would not consider any additional or new objections. (ECF No. 68). Upon the reopening of the case, Petitioner filed a motion to dismiss Respondent's claims. (ECF No. 72). Respondent filed a response on October 31, 2016. (ECF No. 74).[1] Petitioner filed a reply on January 4, 2017.[2] (ECF No. 81). On February 6, 2017, Petitioner filed a motion to amend his petition for habeas corpus. (ECF No. 82). On February 21, 2017, Respondent filed a response in opposition. (ECF No. 83). Petitioner filed a motion to appoint counsel on June 15, 2017 (ECF No. 92), and a motion to view all federal claims on June 19, 2017 (ECF No. 93). Respondent filed a response in opposition on July 3, 2017 (ECF No. 94).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background[3]

---

[1] The court notes that Respondent has filed a 63-page response that appears to be merely a slightly amended version of the memorandum supporting his summary judgment motion. The response does not specifically address Petitioner's motion. Instead, Respondent merely repeats the arguments made in support of his summary judgment motion.

[2] This reply was timely because it was received in the Perry Correctional Institution mailroom on December 29, 2016. (ECF No. 81-2). *See Houston v. Lack*, 487 U.S. 266 (1988).

[3] **The facts contained in this background section are the same facts that were recited during Petitioner's guilty plea on February 1, 2007. (ECF No. 36-1 at 12-13).**

2

The magistrate judge set forth the background and procedural history in her Report. (ECF No. 53 at 2–6). Briefly, according to Respondent, the case stems from a pair of armed robberies of Workman's Grocery committed by Pearson and several other individuals. (ECF No. 36 at 2–3). On March 26, 2005, Pearson, carrying a firearm, entered the store with Adrian McCray ("McCray") and Cedrick Butler ("Butler"), held victims Allissa Parker and Shirley Parker ("Mrs. Parker") at gunpoint, and left after receiving a quantity of money. *Id*. On July 29, 2005, Pearson entered the same store, carrying a firearm, with Butler while McCray remaining outside in a vehicle. *Id*. at 3. Mrs. Parker and husband Clevy Parker ("Mr. Parker") were operating the store. *Id*. During the robbery, Pearson shot Mr. Parker in the upper abdomen and left after receiving a quantity of money. *Id*. Mr. Parker subsequently died at the hospital from the gunshot wound. *Id*.

On February 1, 2007, Pearson pled guilty to murder, two counts of armed robbery, and two counts of possession of a weapon during the commission of a violent crime. (ECF No. 53 at 2).[4] On May 3, 2007, Pearson was sentenced to life for murder, thirty years imprisonment on the first count of armed robbery, twenty-five years on the second count of armed robbery, and five years for possession of a weapon during the commission of a violent crime. *Id*.

Pearson filed a direct appeal and the South Carolina Court of Appeals affirmed Pearson's conviction and sentence on May 28, 2009. *Id*. at 3. The remittitur was issued on June 15, 2009. *Id*. Pearson filed an application for post-conviction relief ("PCR") on April 12, 2010. *Id*. After a hearing, the PCR court denied Pearson relief in an order filed November 8, 2012. *Id*. Pearson filed a timely appeal of the denial of his PCR application. *Id*. On August 21, 2014, the South Carolina Supreme Court denied Pearson's petition for a writ of certiorari. *Id*. The remittitur was

---

[4] Petitioner was represented by plea counsel Craig D. Brown. (ECF No. 53 at 2).

issued September 8, 2014. *Id*. Pearson filed this habeas corpus petition on October 10, 2014, raising four grounds for relief.

In her report, the magistrate judge addressed each of the following four grounds that Pearson raised in his habeas action:

> **Ground One:** Ineffective Assistance of counsel. Trial counsel's failure to protect mentally retarded defendant's statutory and due process rights deprived Petitioner of his Sixth and Fourteen [sic] Amendments.[5]
>
> **Ground Two:** Involuntary Guilty Plea. Petitioner's guilty plea is involuntary and unintelligent because plea counsel misrepresented the sentence that Petitioner was pleading guilty to in violation of his Sixth and Fourteenth Amendment rights.
>
> **Ground Three:** Petitioner's sentence is unconstitutional because he is mentally retarded and had just turned eighteen only a couple of months prior to charged offenses, was sufficient mitigation.
>
> **Ground Four:** Illegal sentence for possession of a weapon during the commission of a violent crime.

(ECF No. 53 at 5–6). The magistrate judge found that Pearson's claims were either procedurally defaulted or without merit. First, the magistrate judge detailed how the PCR judge addressed and rejected Pearson's claim alleging involuntary assistance of trial counsel according to the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). *Id*. at 7–12. Plea counsel testified at the PCR hearing that he moved for a psychological and mental evaluation which was conducted by the Department of Mental Health prior to Pearson's guilty plea which showed that Pearson was borderline mentally retarded with a low IQ; subpoenaed Pearson's school records; hired a private investigator to explore whether Pearson's mental state could have an impact on the case; spoke extensively with Pearson's family about the case and about Pearson's mental health; and shared the results of these findings

---

[5] The magistrate judge noted that in Petitioner's supporting facts for Ground One, Petitioner also appeared to be raising this issue as an ineffective assistance of PCR counsel claim.

4

with the plea court. *Id*. The magistrate judge concluded that the record failed to demonstrate that plea counsel was ineffective for failing to protect Pearson's statutory and due process rights.

Next, the magistrate judge recounted how the PCR judge had addressed and rejected Pearson's claim that his guilty plea was involuntary. *Id*. Trial counsel testified at the PCR hearing that he never advised Pearson that Pearson would receive a sentence of thirty years imprisonment if he pled guilty but, rather, that he told Pearson there was still a significant risk of receiving life imprisonment but pleading guilty to all charges was the best chance Pearson had to receive less than a life sentence. *Id*. at 9–11. Trial counsel's testimony was supported by the plea[6] and sentencing transcripts, as well as a document signed by Pearson explaining the charges and noting that the victim's family would be asking for the sentencing court to impose a life sentence which was a possibility even if Pearson entered a guilty plea. (ECF Nos. 36-1 and 53 at 10–11, 17). Accordingly, the magistrate judge found that there was nothing reversible in the state court's findings and that Pearson failed to present any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.

Finally, the magistrate judge found that Pearson failed to raise the issues in grounds three and four in his direct appeal or his PCR proceedings. As the issues were exhausted in state court, the magistrate judge concluded that federal habeas review was precluded absent a showing of cause and prejudice, actual innocence, or a showing that a fundamental miscarriage of justice would occur. (ECF No. 53 at 23). While Pearson alleged as a "cause" that PCR counsel was ineffective for failing to raise the above issues, the magistrate judge found that the exception articulated in *Martinez v. Ryan,* 132 S. Ct. 1309, 1315 (2012) did not apply because grounds

---

[6] Petitioner affirmed at the plea hearing that he had no physical or mental infirmity that would prevent him from understand what was happening at the guilty plea, that he understood that he was pleading guilty to murder which carried a possibility of life in prison, that he understood that the judge could run Petitioner's sentences consecutively, and that he understood that he was giving up certain appellate rights by pleading guilty.

three and four did not involve any ineffective assistance of counsel claims, thus, any alleged ineffectiveness of PCR counsel cannot be "cause" for a procedural default on those claims. Because issues three and four were procedurally defaulted at the trial/plea court level and not preserved, they could not have been raised on direct appeal and thus Pearson could not show any ineffective assistance of appellate counsel for failure to raise these issues. Further, the magistrate judge found that even if claims three and four could have been raised by appellate counsel, Pearson failed to show the necessary prejudice, that he was actually innocent, or that a fundamental miscarriage of justice would occur if the claims were not considered.

## II. Discussion

### A. Motion to Dismiss

On October 17, 2016, Petitioner filed a motion which was docketed as a "Motion to Dismiss Respondent Claims." (ECF No. 72). While the single paragraph motion is unclear, the court gleans that Petitioner argues that counts three and four of his habeas petition do not warrant procedural default as the magistrate judge recommended in her Report. He further states that he requested for his PCR attorney to file a 59(e) motion, however, the PCR attorney refused.

Petitioner's argument against the finding of the magistrate judge would more properly be contained in his objections.[7] However, the court's order on September 30, 2016, stated that the court would not consider any additional objections. (ECF No. 68). Accordingly, to the extent that Petitioner's motion is an attempt to submit additional objections, the objections are not properly before the court.

Even if the court were to consider Petitioner's contention, his argument has no merit. Construing his motion liberally, Petitioner may be attempting to argue that his procedural default

---

[7] Petitioner makes no reference, other than in the heading of his motion, to any "claim" by the Respondent or any rule which would justify dismissal.

on claims three and four should be excused due to PCR counsel's failure to file a motion under South Carolina Rule of Civil Procedure 59(e) with the PCR court.[8] Petitioner's argument, then, as construed by the court, is that PCR counsel was ineffective for failing to raise a Rule 59(e) motion.

However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. 2254(i); *see also Martinez v. Ryan,* 132 S. Ct. 1309, 1320 (2012) (acknowledging that "§ 2254(i) precludes [a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief"). *See generally Bryant v. Maryland,* 848 F.2d 492, 494 (4th Cir. 1988) (claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief); *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir. 1998) (errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief).

In *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), the United States Supreme Court held that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim. In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court established a "limited qualification" and held that inadequate assistance of counsel at initial collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel.

However, the *Martinez* exception is inapplicable here. *Martinez,* 132 S. Ct. 1309. In *Martinez*, the question before the court was "whether a federal habeas court may excuse a procedural default on an ineffective-assistance claim when the claim was not properly presented

---

[8] Petitioner does not contend that the arguments in grounds three and four of his habeas petition were raised in the PCR proceeding or that the court failed to rule on them.

in state court due to an attorney's errors in an initial-review collateral proceeding." *Id.* at 1313. Here, Petitioner brought an ineffective assistance of trial counsel claim in his PCR application which was ruled upon by the PCR court and addressed by the magistrate judge. (ECF No. 53 at 6–21). The underlying claims Petitioner attempted to raise in grounds three and four are not ineffective-assistance claims. Thus, he is not entitled to relief under *Martinez*. Accordingly, the court denied Petitioner's motion to dismiss.

**B. Objections**

In his objections, Petitioner contends that the magistrate judge erred by recommending that Petitioner's petition for relief be denied. Specifically, he objects to the magistrate judge's Report on four grounds, which the court will address in turn.

Petitioner first alleges that he was never served with notice by the State with its intent to seek life imprisonment without parole pursuant to S.C. Code Ann. § 17-25-45(H) and argues that the sentencing judge abused his discretion in sentencing Petitioner without timely notice. (ECF No. 65 at 2).

First, Petitioner's objection is not responsive to any dispositive portion of the magistrate judge's report and raises for the first time a new argument not asserted in his PCR or habeas petition and is therefore improper. However, considering Petitioner's argument, the court finds it meritless.

Plea counsel testified at the PCR hearing (ECF Nos. 36-1 at 98–99 and 106) that he and Petitioner were properly served notice to seek life without parole. *Jeffcoat v. Warden of Broad River Corr. Inst.,* C.A. No. 8:13-124-DCN, 2014 WL 131271, at *4 (D.S.C. Jan. 13, 2014) ("The South Carolina Supreme Court determined in *James v. State,* 641 S.E.2d 899 (S.C. 2007), that 'as long as the defendant and his counsel, at least ten days prior to trial, possess actual notice of

the State's intention to seek a sentence under South Carolina's recidivist statute, the statute has been satisfied.'"). Further, as discussed by the magistrate judge, Petitioner signed a document, dated February 1, 2007, presented to him by plea counsel stating that he was aware and understood that the state would seek life without parole. (ECF No. 36-1 at 113–14). Petitioner provides no proof that he lacked actual notice of the State's intention to seek life without parole.

Furthermore, even if notice was not properly given, Petitioner's argument is a matter of state criminal law, not federal law as is required for habeas relief. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). Based on the foregoing and the information in the record, Petitioner's objection regarding the South Carolina recidivist statute lacks merit.

In Petitioner's second objection, Petitioner repeats his argument that plea counsel was ineffective for advising him to plead guilty. The issue of the voluntariness of the guilty plea and ineffectiveness of trial counsel relating to the guilty plea was addressed by the PCR court and magistrate judge. Regarding Petitioner's claim of ineffective assistance of plea counsel, the PCR court found plea counsel to be credible and found that Petitioner was not credible. (ECF No. 36-1 at 121); *see Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court . . ."). Petitioner has provided no further support for his allegation. *Evans v. Smith*, 220 F.3d 306, 311–312 (4th Cir. 2000), *cert denied*, 532 U.S. 925 (2001) ("Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (internal quotations and citations omitted)). The court agrees with the magistrate judge's finding that "Petitioner has failed to establish that he was improperly advised of the sentence he was facing. . . . Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court," and that, "There is nothing reversible in the state court's findings based on the record of this case." (ECF No. 53 at 17–19). To the extent that Petitioner argues that PCR counsel was ineffective, as the court addressed above, ineffectiveness of PCR counsel is not grounds for habeas relief and the *Martinez* exception is not applicable in this situation. *See Martinez*, 132 S. Ct. at 1313.

Further, as the court can glean, Petitioner argues that he detrimentally relied on a plea agreement or on a representation by plea counsel regarding a plea agreement, citing *Reed v. Becka*, 511 S.E.2d 396 (S.C. 1999). In his PCR application, Petitioner argued, "My Lawyer stated to me that the Solicitor Agreed to 30 years if I took plea," and, "that the only way I would receive less than life is by pleading guilty. So that's why I took the plea." (ECF No. 36-1 at 116). However, the record is devoid of evidence that plea counsel promised a sentence of thirty years to Petitioner if he pled guilty. The PCR court found plea counsel's testimony, supported by the plea and sentencing transcripts, to be persuasive and ruled that plea counsel's performance was reasonable and effective. Plea counsel testified that he advised Petitioner that "there was still a significant risk of receiving life imprisonment if he pled guilty to all charges, but that it was the best chance that [Petitioner] had to receive a sentence less than life." (ECF No. 36-1 at 121–22). Counsel also testified that he never advised Petitioner that he would receive a sentence of thirty years imprisonment if he pled guilty. *Id*.

Plea counsel's testimony is further supported by a document, previously discussed above, written by plea counsel, signed by Petitioner and witnessed by two deputies at the Williamsburg County Sheriff's Department, stating:

> The state has offered to allow me to plead to both armed robberies [and] the murder charge so that the two armed robberies and murder will not result in convictions for two "most serious" offenses. My attorney has further advised me that the state, law enforcement, and the victim's family will still be asking that I receive a life sentence even if I plead guilty. However, I understand that the only chance I have to get less than life without parole is to plead guilty and ask for mercy from the court or be found not guilty of this armed robbery and the subsequent murder charges. I also understand that if I plead guilty, I could still get a life sentence. I have read and fully understand the terms of this document. . . .

(ECF No. 36-1 at 99, 113–14). The above quote appears to be the only mention of any type of plea agreement or arrangement in the record. According to the language, neither the state nor Petitioner's plea counsel promised Petitioner would not receive life if he pled. In fact, Petitioner explicitly acknowledged that he could receive a life sentence if he pled guilty. Rather, the above language refers to the possibility of avoiding a *necessary* sentence of life imprisonment without parole pursuant to S.C. Code Ann. § 17-25-45. *See also* S.C. Code Ann. § 17-25-50. Petitioner does not provide or point to any evidence in the record that plea counsel misled Petitioner regarding the effect of pleading guilty.

Finally, during the guilty plea, the State specified, "[T]hese guilty pleas are being made freely and voluntarily *without any recommendation or negotiations from the State*." (ECF No. 36-1 at 6) (emphasis added). The court asked Petitioner, "[H]as anybody promised you anything or threatened you in any way to get you to plead guilty?" to which Petitioner replied, "No, sir," and, "You are pleading guilty freely and voluntarily?" to which Petitioner replied, "Yes, sir." (ECF No. 36-1 at 8). Prior to accepting the plea, the court found that there was a substantial basis for the plea and that Petitioner's plea was freely, voluntarily, and intelligently entered into

11

and that Petitioner had the advice of competent counsel. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("Representations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") Based on the foregoing, the court finds Petitioner's argument to be meritless and overrules his second objection.

In his third objection, Petitioner objects to the magistrate judge's finding that plea counsel was not ineffective for failing to protect Petitioner's rights because of Petitioner's mental health. (ECF No. 65 at 4). Petitioner asserts that state law requires 15 days to conduct a mental health evaluation and that he was improperly evaluated. (ECF Nos. 36-1 at 93, 53 at 16, and 65 at 4). However, Petitioner provides no evidence to support his argument. Further, as the magistrate judge found, "Petitioner did not present any evidence or witnesses supporting his assertions regarding his mental capacity in either his PCR proceedings or as part of this federal petition to support his arguments . . ." (ECF No. 53 at 19–20). Under some circumstances, a defendant may be deprived of effective assistance of counsel when his attorney fails to bring the accused's mental condition to the attention of the trial court or otherwise fails to investigate the defendant's mental condition. *See, e.g., Kibert v. Peyton*, 383 F.2d 566 (4th Cir. 1966); *Owsley v. Peyton*, 368 F.2d 1002 (4th Cir. 1966); *Caudill v. Peyton*, 368 F.2d 563, 564–565 (4th Cir. 1966). That is not the case here. According to the record, plea counsel moved for a psychological and mental evaluation, conducted by the Department of Mental Health prior to his guilty plea; subpoenaed Petitioner's school records; hired a private investigator to explore

whether Petitioner's mental state could have an impact on the case; and spoke extensively with Petitioner's family about the case and about Petitioner's mental health. (ECF No. 36-1 at 101, 103, 119). Plea counsel shared the results of these findings with the sentencing court prior to sentencing. *Id*. This court agrees with the magistrate judge that, "[O]ther than his own unsupported speculation, which is contradicted by the record, Petitioner has offered no evidence to show that he was incompetent or had mental issues which would have affected his sentencing, or to show that his guilty plea was involuntary." (ECF No. 53 at 20). Thus, Petitioner's objection fails.

Petitioner also asserts for the first time that counsel was ineffective for failing to advise him on the *M'Naghten* defense and cites to *Davenport v. State*, 389 S.E.2d 649 (S.C. 1990)[9] and *Bishop v. United States*, 350 U.S. 961 (1956)[10]. Petitioner failed to raise this ground for ineffective assistance of counsel in any state proceedings or offer rationale for procedural default. *See Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir. 2008) (*quoting McCarver v. Lee,* 221 F.3d 583, 588 (4th Cir.2000)) ("Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law or prove that failure to consider the claims will result in a fundamental miscarriage of justice.").

Regardless, Petitioner fails to demonstrate that counsel was ineffective, assuming arguendo that counsel did not discuss an insanity defense. To show ineffective assistance of counsel, Petitioner must first demonstrate that his attorney's "representation fell below an

---

[9] *Davenport* differs from the present situation. Primarily, the defendant in *Davenport* had been diagnosed as legally insane by the State's psychiatrist and plea counsel was aware. 389 S.E.2d at 649.

[10] *Bishop*, as cited to by Petitioner, is merely a two sentence order by the United States Supreme Court reversing the D.C. Circuit Court of Appeals, granting a petition for writ of certiorari, and remanding the case to the District Court for a hearing on the petitioner's sanity at the time of his trial. 350 U.S. 961.

objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688 (1984). Second, he must demonstrate that he was prejudiced by his attorneys' ineffectiveness, *i.e.,* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Regarding a guilty plea, a demonstration of prejudice requires Petitioner to establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). "In *Hill,* the Supreme Court explained that this prejudice inquiry is quite similar to the inquiry for prejudice under *Strickland,* in that the question of whether counsel's ineffectiveness prejudiced a petitioner's guilty plea will often turn on an assessment of the likelihood of success of a particular investigation or strategy." *Reid v. True*, 349 F.3d 788 (4th Cir. 2003).

South Carolina recognizes the *M'Naghten* test as the standard for determining whether a defendant's mental condition at the time of the offense rendered him criminally responsible. S.C. Code Ann. § 17–24–10; *Davenport v. State,* 389 S.E.2d 649. "[T]he key to insanity is the power of the defendant to distinguish right from wrong in the act itself-to recognize the act complained of is either morally or legally wrong'." *State v. Wilson*, 413 S.E.2d 19, 23 (S.C. 1992), *cert. denied,* 506 U.S. 846 (1992) (citations and quotations omitted). In every criminal case, it is presumed the defendant is sane. *State v. Milian-Hernandez,* 336 S.E.2d 476 (S.C. 1985). Insanity is an affirmative defense. *Id.*

The mental health evaluation conducted by the South Carolina Department of Mental Health on September 20, 2006, upon motion by plea counsel, stated, "No evidence was found of a psychiatric diagnosis that would have interfered with his ability to distinguish legal or moral right from legal or moral wrong," and that:

> Mr. Pearson's behavior indicates a motivation of monetary gain, actions taken for self-preservation and avoiding apprehension, and involvement of multiple other codefendants. Such behaviors are not consistent with a mental disease or defect leading to criminal behavior. . . . We find no evidence that Mr. Pearson would have lacked the ability to distinguish legal or moral right from legal or moral wrong on the date of alleged offenses and therefore it is our opinion that he would have been criminally responsible pursuant to S.C. Code Ann. § 17-24-10 (1976).

(ECF No. 36-9 at 7). Petitioner presents no evidence or witnesses to support his assertion that a defense of legal insanity was appropriate, and admitted at the PCR hearing that plea counsel moved for the evaluation quoted above. (ECF No. 36-1 at 93). Further, plea counsel had no concern about Petitioner's mental state and believed him to be competent to enter a guilty plea. (ECF No. 36-1 at 103). "While not determinative, an attorney's opinion of a defendant's competency carries great weight, as counsel 'is in the best position to evaluate a client's comprehension of the proceedings.'" *See Doane v. Johnson*, 2011 WL 1659312 (Apr. 29, 2011) (citing *Hernandez v. Ylst,* 930 F.2d 714, 718 (9th Cir. 1991). Based on the record, counsel was not ineffective for failing to pursue or advise his client on an insanity defense that would be contrary to the weight of the evidence, including the mental health evaluation, as well as his own observation and judgment. *See Strickland*, 466 U.S. at 689–90 (stating that a court "must indulge [the] strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment."). Considering the evidence in the record, Petitioner's third objection is without merit.

In his fourth objection, Petitioner asserts that an issue existed with the state court's subject matter jurisdiction over this case because the date that the indictment was signed by the grand jury foreperson appears to be several days before the court convened. (ECF No. 65 at 5). The foreperson of the grand jury appears to have signed the indictment on December 7, 2006,

and the Court of General Sessions convened on December 11, 2006. (ECF No. 36-1 at 126–28).[11]

First, it is not for this Court to determine issues of state law. *See Thompson v. Warden Perry Corr. Inst.,* C.A. No. 3:06-3429-DCN-JRM, 2007 WL 2579570, at *4 ("[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."). Further, the "sufficiency of an indictment or information is primarily a question of state law;" *Tapia v. Tansy,* 926 F.2d 1554, 1560 (10th Cir. 1991) (quotations and citations omitted); and deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Ashford v. Edwards,* 780 F.2d 405, 407 (4th Cir. 1985). "In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment." *Johnson v. Puckett,* 930 F.2d 445, 447 (5th Cir. 1991), *cert. denied,* 502 U.S. 890 (1991). In this case, Petitioner provides no evidence and the record shows no evidence such deficiency.

Finally, in Petitioner's fifth objection, he again asserts in conclusory fashion that the magistrate's Report was erroneous because counsel was ineffective and failed to meet the *Strickland* standard. (ECF No. 65 at 6). Petitioner cites to parts of the transcript, however, provides no evidence in support of his argument and identifies no error in the magistrate judge's analysis. As discussed above, he fails to demonstrate that plea counsel's performance was less than reasonable and caused prejudice. *See Strickland,* 466 U.S. at 688–94.

---

[11] In, *Williams v. Warden, Perry Correctional Institution*, the court explained that "with regard to the dates on the indictments, the normal practice in South Carolina is that the Grand Jury meets before the term of court and passes on all the indictments, signing and dating them at that time. They then come in on the first term of court and present those indictments to the judge and clerk of court, and therefore the date of the indictment would not be during the term of court." C.A. No. 9:14-3903-JMC, 2015 WL 5604181, at *13 (Sept. 22, 2015) (citations omitted).

The court agrees with the magistrate judge's determination that the PCR court or South Carolina Supreme Court did not unreasonably misapply clearly established federal law in rejecting these issues, not did the PCR court make objectively unreasonable factual findings.

C. **Motion to Amend**

Petitioner filed a motion to amend his complaint. (ECF No. 82). A motion to amend a pleading is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a court should deny a motion to amend "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)).

However, while unclear, it appears that Petitioner actually seeks to supplement the record with the response of the South Carolina Attorney General's office to Petitioner's freedom of information act request. (ECF No. 82). While the court has reviewed the evidence attached to Petitioner's motion, the court does not find the evidence favorable to Petitioner's position. From Petitioner's single-paragraph motion, it appears that he requested a document showing the state's notice to Petitioner that it would be seeking life without parole in his state court proceeding. *Id*. The Attorney General's office responded to Petitioner that it searched its record and found no public records responsive to his request. (ECF No. 82-1). However, the Supreme Court explained in *Cullen v. Pinholster*, that "review under § 2254(d)(1) focuses on what a state court knew and did." 563 U.S. 170, 1399 (2011). Because the federal habeas procedure "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas

court "would be contrary to that purpose." *Id.* at 1399 (internal citation and quotation marks omitted). Further, 28 U.S.C. § 2254(d)(2) provides that an application for writ of habeas corpus shall not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*." (emphasis added). Thus, the court may not consider this new evidence.

In any event, as discussed above, the record reflects that Petitioner was given proper notice that the State would seek life without parole, under the recidivist statute and this is an issue of state law which is not cognizable in a federal habeas action.

Thus, the court finds that the addition of new evidence is inappropriate at this time and, to the extent that Petitioner proposes amendment to his petition regarding the notice provision of S.C. Code Ann. § 17-25-45, such amendment is futile and should be denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### D. Motion to Appoint Counsel

Petitioner filed a motion to appoint counsel on June 15, 2017. (ECF No. 92). As the court can glean, Petitioner argues the court should appoint counsel because he has a mental disability and because he believes documents exist that could have helped his case. *Id*.

First, Petitioner does not allege that he is under a sentence of death, no evidentiary hearing has been determined to be necessary in this case, and the questions presented are not so complex as to require an attorney to effectively argue them for the Petitioner. Thus, the appointment of counsel is not warranted under the Criminal Justice Act, 18 U.S.C. § 3006A (a)(2)(B).

Further, under 28 U.S.C. § 1915, "a plaintiff does not have an absolute right to appointment of counsel." *Miller v. Simmons,* 814 F.2d 962, 966 (4th Cir. 1987). Instead, the

provision of counsel through the auspices of the court remains, "as [does] the privilege of proceeding in *forma pauperis,* a matter within the discretion of the District Court. It is a privilege and not a right." *Bowman v. White,* 388 F.2d 756, 761 (4th Cir. 1968). In delineating the scope of this discretion, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." *Miller,* 814 F.2d at 966 (citing *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984), *abrogated* in *part* on *other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296 (1989). More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should to assist him." *Gordon v. Leeke,* 574 F.2d 1147, 1153 (4th Cir. 1978). In this case, it is not apparent that Petitioner has a colorable claim. The court found that summary judgment was warranted on Petitioner's habeas petition and Petitioner fails to present any colorable argument in this motion. The court finds that the "interests of justice" do not require appointment of counsel.

**E. Motion to View All Federal Claims**

On June 19, 2017, Petitioner filed a motion to view all federal claims that petitioner raised in motion. (ECF No. 93). Petitioner's motion consists of a single unclear paragraph. *Id.* As the court can glean, he argues again that the prosecution in his state court case failed to provide notice of its intent to seek life without parole and that notice should have been given because he was sentenced under the "most serious offense" doctrine. (ECF No. 93). The issue of Petitioner's receipt of notice of the state's intent to seek life without parole is discussed in detail above. *See supra* Parts II.B and II.D. Further, as Respondent states in his response,

Petitioner was sentenced pursuant to the South Carolina murder statute; not the most serious offense/recidivist statute. (ECF Nos. 36-1 at 11 and 22, and 94 at 3). To the extent that Petitioner's motion requests a final ruling on his habeas petition, this order will satisfy that request and Petitioner's motion is denied as moot.

## I. Conclusion

After a thorough review of the Report and the entire record in this case, the court adopts the magistrate judge's Report (ECF No. 53) and incorporates it herein. Accordingly, Respondent's motion for summary judgment (ECF No. 35) is **GRANTED** and Petitioner's habeas petition is **DISMISSED;** Petitioner's motions to dismiss respondent claims (ECF No. 72); to amend (ECF No. 82); to appoint counsel (ECF No. 92); and to view all claims (ECF No. 93) are **DENIED**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 15, 2017
Anderson, South Carolina